EXHIBIT B

Edgar Manukyan, Esq.  (SBN 314606)
edgar@manukyanlawfirm.com
**MANUKYAN LAW FIRM, APC.**
505 N. Brand Blvd. Suite 810
Glendale, California 91203
Tel: (818) 559-4444
Fax: (888) 746-4420

Attorneys for Plaintiff,
SHAHE SEKAYAN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

SHAHE SEKAYAN, an individual

       Plaintiff,

   vs.

BEN BRIDGE JEWELER, INC., a Washington
Corporation and DOES 1 through 20, Inclusive

       Defendants.

) Case No.:     21STCV32137
) **COMPLAINT FOR DAMAGES**
) **1. DISCRIMINATION IN VIOLATION OF**
)    **THE CALIFORNIA FAMILY RIGHTS**
)    **ACT**
) **2. RETALIATION IN VIOLATION OF THE**
)    **CALIFORNIA FAMILY RIGHTS ACT**
) **3. DISABILITY DISCRIMINATION IN**
)    **VIOLATION OF THE FAIR**
)    **EMPLOYMENT AND HOUSING ACT**
) **4. FAILURE TO PREVENT**
)    **DISCRIMINATION IN VIOLATION OF**
)    **THE FAIR EMPLOYMENT AND**
)    **HOUSING ACT**
) **5. FAILURE TO PROVIDE REASONABLE**
)    **ACCOMODATIONS IN VIOLATION OF**
)    **THE FAIR EMPLOYMENT AND**
)    **HOUSING ACT**
) **6. FAILURE TO ENGAGE IN A GOOD**
)    **FAITH INTERACTIVE PROCESS IN**
)    **VIOLATION OF THE FAIR**
)    **EMPLOYMENT AND HOUSING ACT**
) **7. RETALIATION IN VIOLATION OF THE**
)    **FAIR EMPLOYMENT AND HOUSING**
)    **ACT**
) **8. WRONGFUL TERMINATION IN**
)    **VIOLATION OF PUBLIC POLICY**
)
) **Demand over $25,000**
)
) **DEMAND FOR JURY TRIAL**

-1-

**COMPLAINT FOR DAMAGES**

Shahe Sekayan ("Plaintiff") is informed and believes, and alleges thereon, the following:

## PARTIES, VENUE, AND JURISDICTION

1.     Plaintiff, at all relevant times herein resided in Los Angeles, California.

2.     Defendant BEN BRIDGE JEWELER, INC., ("Defendant") is a Washington Corporation which does business in Los Angeles County, California.

3.     Plaintiff is informed and believes, and thereon alleges that Defendant is in the business of selling and repairing jewelry and watches.

4.     The unlawful acts pleaded herein occurred in Los Angeles County, California.

5.     Venue is proper in Los Angeles County pursuant to California Government Code § 12965.

6.     Plaintiff is unaware of the true names and capacities of DOES 1 through 20, inclusive, and therefore sues these defendants by their fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

7.     At all times relevant to this action, each of the fictitiously named defendants was an employee, agent, servant, partner, member, shareholder, officer, director, co-conspirator, or alter ego of Defendants, and was acting within the course and scope of such agency or employment.

8.     Each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and such Defendants directly and proximately caused Plaintiff's injuries as herein alleged.

9.     Pursuant to CAL. GOV'T CODE §§12960, *et seq*., Plaintiff filed a charge against Defendants with the California Department of Fair Employment and Housing ("DFEH") on February 1, 2021, less than three years from the date of most recent actionable offense. On February 1, 2021 Plaintiff received a Notice of Case Closure and Right to Sue Letter from the DFEH.

///
///
///
///
///

-2-

**COMPLAINT FOR DAMAGES**

## **FACTUAL ALLEGATIONS**

10.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

11.     Plaintiff began working for Defendants as a watch maker in Defendants' back of house in or around April 1997. Plaintiff earned approximately $22.50 at the time of his termination. Plaintiff typically worked from approximately 10:00 a.m. to approximately 6:00 p.m. or 7:00 p.m., Monday through Friday. Plaintiff worked approximately forty (40) hours per week.

12.     In or about 2015, Plaintiff suffered from herniated discs on his spine and went on approved medical leave. Plaintiff kept Defendants informed with all applicable doctor's notes regarding his leave. After Plaintiff returned from leave, he began receiving epidural shots for his spine beginning in or about 2016 and continued through in or about 2018.

13.     In or about 2018, Plaintiff's condition worsened, and he continued receiving epidural shots for his spine. In or about 2018, Plaintiff's physician placed Plaintiff with work restrictions for his severe spine condition. Per Plaintiff's work restrictions, Plaintiff could not lift heavy boxes or stand on his feet for long periods of time. Plaintiff immediately provided his physician's doctor's notes indicating his work restrictions to Defendants' managers, Mark Dash and Victor Ohanessian.

14.     After Plaintiff was placed on work restrictions, Defendants continuously ignored Plaintiff's work restrictions and required Plaintiff to stand on his feet for long periods of time. Defendants forced Plaintiff to help customers in Defendants' front of house, a task which had never been part of Plaintiff's ordinary duties. Plaintiff reminded Defendants' manager Victor Ohanessian and Defendants' other employees several times about Plaintiff's work restrictions, but Defendants continued to ignore Plaintiff's work restrictions and forced Plaintiff to stand for long periods of time while dealing with customers.

15.     On or about February 13, 2020, Defendants terminated Plaintiff for a sham reason because he was listening to music in the backroom while working, an ordinary practice among most of Defendants' employees.

//

//

16.   Plaintiff was left embarrassed, ashamed, emotionally broken, and in financial desperation for having been directly discriminated against because he had a disability stemming from a work-related injury and required work restrictions despite Plaintiff's outstanding and loyal service to Defendants for twenty-three (23) years.

## FIRST CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT

17.   Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

18.   At all times relevant to this action, Plaintiff was employed by Defendants.

19.   At all times relevant to this action, Plaintiff suffered from a serious health condition within the meaning of GOV'T CODE §§ 12945.2(c)(8), et seq.

20.   At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges that Defendants were employers who regularly employed fifty or more persons within the meaning of CAL. GOV'T CODE §12945.2(b)-(c)(2).

21.   At all times relevant to this action, Plaintiff had more than 12 months of service with Defendants, had worked at least 1,250 hours for Defendants during the previous 12 months, and had taken less than 12 weeks of leave the past 12-month period within the meaning of CAL. GOV'T CODE §12945.2(a).

22 .   Defendants unlawfully discriminated against Plaintiff because of his serious health condition and medical work restriction by terminating him in violation of CAL. GOV'T CODE §§ 12945.2(a), 12945.2(t), and 12945.2(l).

23.   Defendants' decision to terminate Plaintiff was substantially motivated by his serious health condition and medical work restriction, as previously pled herein.

24.   As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and

-4-

**COMPLAINT FOR DAMAGES**

1  Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is
2  ascertained.

3      25.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered general
4  damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff
5  great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

6      26.    As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time
7  in the future, will be required to employ physicians and incur additional medical and incidental
8  expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave
9  of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

10     27.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,
11 directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful
12 acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and
13 conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the
14 fact that Plaintiff's employment rights were being violated, with the intent to deprive him of
15 employment benefits. Accordingly, an award of punitive damages is warranted.

16     28.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendants'
17 employees, officers, directors, and/or managing agents were undertaken with the prior approval,
18 consent, and authorization of Defendants and were subsequently authorized and ratified by them as well
19 by and through their officers, directors, and/or managing agents.

20

21                          **SECOND CAUSE OF ACTION**

22        **RETALIATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT**

23     29.    Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this
24 Complaint as though fully set forth herein.

25     30.    At all times relevant to this action, Plaintiff was employed by Defendants.

26     31.    At all times relevant to this action, Plaintiff suffered from a serious health condition
27 within the meaning of GOV'T CODE §§ 12945.2(c)(8), et seq.

28 //

-5-

**COMPLAINT FOR DAMAGES**

32. At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges that Defendants were employers who regularly employed fifty or more persons within the meaning of CAL. GOV'T CODE §12945.2(b)-(c)(2).

33. At all times relevant to this action, Plaintiff had more than 12 months of service with Defendants, had worked at least 1,250 hours for Defendants during the previous 12 months, and had taken less than 12 weeks of leave the past 12-month period within the meaning of CAL. GOV'T CODE §12945.2(a).

34. Defendants unlawfully retaliated against Plaintiff because of his serious health condition and medical work restriction by terminating him in violation of CAL. GOV'T CODE §§ 12945.2(a), 12945.2(t), and 12945.2(l).

35. Defendants' decision to terminate Plaintiff was substantially motivated by his serious health condition and medical leave of absence.

36. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

37. As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

38. As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

//

//

//

-6-

39.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

40.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by them as well by and through their officers, directors, and/or managing agents.

## THIRD CAUSE OF ACTION
### DISABILITY DISCRIMINATION IN VIOLATION OF
### THE FAIR EMPLOYMENT AND HOUSING ACT

41.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

42.     At all times relevant to this action, Plaintiff was employed by Defendant.

43.     At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

44.     At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(m), because of his disability and/or being regarded as disabled.

45.     At all times relevant to this action, Defendant unlawfully discriminated against Plaintiff, as previously alleged, on the basis of his disability and/or being regarded as disabled, by terminating Plaintiff.

46.     Defendant was substantially motivated to terminate Plaintiff because of his disability and/or being regarded as disabled.

//

-7-

47.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

48.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

49.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

50.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

51.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and was subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

//
//
//
//
//

-8-

**COMPLAINT FOR DAMAGES**

## FOURTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF
### THE FAIR EMPLOYMENT AND HOUSING ACT

52.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

53.     At all times relevant to this action, Plaintiff was employed by Defendant.

54.     At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

55.     At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(m), because of his disability and/or being regarded as disabled.

56.     At all times relevant to this action, Defendant unlawfully discriminated against Plaintiff, as previously alleged, on the basis of his disability and/or being regarded as disabled by terminating Plaintiff.

57.     Defendant was substantially motivated to terminate Plaintiff because of his disability and/or being regarded as disabled, as previously pled herein.

58.     Defendant failed to take reasonable steps to prevent the unlawful discrimination during Plaintiff's employment, as previously pled, in violation of CAL. GOV'T CODE §12940(k), even when management level employees of Defendant became aware of the discriminatory conduct. Instead, Defendant terminated Plaintiff in bad faith.

59.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

//

//

-9-

60.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

61.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

62.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

63.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and was subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

64.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

65.     At all times relevant to this action, Plaintiff was employed by Defendant.

66.     At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

//
//

-10-

COMPLAINT FOR DAMAGES

67.     At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(m), because of his disability and/or being regarded as disabled.

68.     At all times relevant to this action, Defendant unlawfully failed to provide Plaintiff reasonable accommodations in violation of CAL. GOV'T CODE § 12940(m) despite the fact that it had actual and constructive knowledge of his disability and/or being regarded as disabled, need for accommodations, potential need for a medical leave of absence, and Plaintiff's actual and constructive requests for accommodations.

69.     Defendant's failure to accommodate Plaintiff was substantially motivated by his disability and/or being regarded as disabled, as previously pled herein.

70.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

71.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

72.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

//

//

//

//

//

-11-

73.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

74.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and was subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## SIXTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

75.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

76.     At all times relevant to this action, Plaintiff was employed by Defendant.

77.     At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

78.     At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(m), because of his disability and/or being regarded as disabled.

79.     Defendant unlawfully failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations despite the fact that it had actual and constructive knowledge of his disability and/or being regarded as disabled, in violation of CAL. GOV'T CODE §§ 12940(n) and 12926.1(e), as previously pled herein.

//
//

-12-

**COMPLAINT FOR DAMAGES**

80.     Defendant's failure to engage in a good faith interactive process with Plaintiff was substantially motivated by his disability and/or being regarded as disabled, as previously pled herein.

81.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

82.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

83.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

84.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

85.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and was subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

//

//

//

-13-

**COMPLAINT FOR DAMAGES**

## SEVENTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

86.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

87.     At all times relevant to this action, Plaintiff was employed by Defendant.

88.     At all times relevant to this action, CAL. GOV'T CODE §12900 *et seq.* were in full force and effect and were binding upon Defendant. These sections, *inter alia*, require Defendant to refrain from discriminating and retaliating against any employee on the basis of a disability and/or being regarded as disabled, request for accommodation, potential need for a medical leave, and opposition to conduct related thereto.

89.     Defendant engaged in conduct that taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment.

90.     Plaintiff's assertion of his rights under CAL. GOV'T CODE §12900 *et seq.* was a substantial motivating reason for Defendant's decision to retaliate against his. Defendant's conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

91.     At all times relevant to this action, Defendant unlawfully retaliated against Plaintiff, in violation of CAL. GOV'T CODE §12940(h), 12940(m)(2), by terminating Plaintiff.

92.     Defendant's retaliatory termination Plaintiff's employment was substantially motivated by his disability and/or being regarded as disabled, request for accommodation, potential need for a medical leave, and opposition to Defendant's conduct related thereto, as previously pled herein.

93.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

//

//

-14-

94.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

95.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

96.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

97.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and was subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## EIGHTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

98.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

99.     At all times relevant to this action, Plaintiff was employed by Defendant.

100.     At all times relevant to this action, CAL. GOV'T CODE §12900 *et seq.* were in full force and effect and were binding upon Defendant. These sections, *inter alia*, require Defendant to refrain from terminating any employee on the basis of a disability and/or being regarded as disabled, requests for reasonable accommodations, potential medical need for a medical leave, and opposition to conduct related thereto as previously pled herein.

-15-

101.   Defendant's conduct as previously alleged was in retaliation for Plaintiff's assertion of rights under CAL. GOV'T CODE §§12900 *et seq.*

102.   Plaintiff's assertion of his rights under CAL. GOV'T CODE §§12900 *et seq.* was a substantial motivating reason for Defendant's decision to terminate Plaintiff. Defendant's conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

103.   CAL. GOV'T CODE §§12900 *et seq.* evinces a policy that benefits society at large, was well-established at the time of Plaintiff's discharge, and is substantial and fundamental.

104.   Defendant's wrongful termination of Plaintiff's employment was substantially motivated by his disability and/or being regarded as disabled, requests for reasonable accommodations, potential need for a medical leave, and opposition to Defendant's conduct related thereto.

105.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

106.   As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

107.   As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

//

//

//

//

-16-

108. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

109. Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and was subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## **PRAYER FOR RELIEF**

WHERFORE, Plaintiff SHAHE SEKAYAN, prays for judgment against Defendants BEN BRIDGE JEWELER, INC, a Washington Corporation and DOES 1 through 20, as follows:

1. Past and future general and special damages according to proof;

2. Pre-judgment interest, post-judgment interest, costs of suit and attorney's fees according to proof;

3. Injunctive relief compelling Defendant to reinstate Plaintiff to his previous position, prohibiting Defendant from engaging in similar unlawful conduct as complained of herein, and ordering Defendant to establish effective preventive mechanisms to ensure that the conduct complained of herein does not continue in the future;

4. Declaratory relief that Defendant's conduct as complained of herein was a violation of Plaintiff's rights;

5. Punitive damages; and

6. All other relief that the Court deems just and proper.

**COMPLAINT FOR DAMAGES**

Dated: August 30, 2021

**MANUKYAN LAW FIRM, APC.**

By: /s/ Edgar Manukyan
Edgar Manukyan, Esq.
Attorneys for Plaintiff,
SHAHE SEKAYAN

-18-

**COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims as provided by California law.

Dated: August 30, 2021

**MANUKYAN LAW FIRM, APC.**


By: /s/ Edgar Manukyan
Edgar Manukyan, Esq.
Attorneys for Plaintiff,
SHAHE SEKAYAN

-19-

CM-010

Edgar Manukyan, Esq. (SBN 314808)
M/ANUKYAN LAW FIRM APC
_____ Blvd Suite 010, Glendale, CA 91203

TELEPHONE NO.: 818 646 4444     FAX NO. (Optional): 888 746 4420
ATTORNEY FOR (Name): Plaintiff Shant Sakayan

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Los Angeles, CA
BRANCH NAME: Stanely Mosk Courthouse

CASE NAME: Sakayan v Ben Bridge Jeweler, Inc. et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder | | 21STCV32137 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: | |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive

4. Number of causes of action (specify): Eight (8)

5. This case [ ] is   [x] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 30, 2021

Edgar Manukyan, Esq
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**  CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (not asbestos or
  toxic/environmental) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (not civil
  harassment) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (not unlawful detainer
    or wrongful eviction)
  Contract/Warranty Breach–Seller
    Plaintiff (not fraud or negligence)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (not provisionally
  complex) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (not eminent
    domain, landlord/tenant, or
    foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (arising from provisionally complex
  case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (non-
    domestic relations)
  Sister State Judgment
  Administrative Agency Award
    (not unpaid taxes)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified
  above) (42)
  Declaratory Relief Only
  Injunctive Relief Only (non-
    harassment)
  Mechanics Lien
  Other Commercial Complaint
    Case (non-tort/non-complex)
  Other Civil Complaint
    (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (not specified
  above) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

| | CASE NUMBER |
|---|---|
| | |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.

2. Permissive filing in central district.

3. Location where cause of action arose.

4. Mandatory personal injury filing in North District.

5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.

8. Location wherein defendant/respondent functions wholly.

9. Location where one or more of the parties reside.

10. Location of Labor Commissioner Office.

11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury/Property Damage/Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 1 of 4

| SHORT TITLE: Shane Sekyzyan v. Ben Bridge Jeweler, Inc., et al. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev. 12/18)

For Mandatory Use

Local Rule 2.3

Page 2 of 4

| | SHORT TITLE: Shiqiu Seklyan v. Ben Bridge Jeweler, Inc., et al. | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 6 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| Short Title: In the Matter of Ben Bridge Jeweler, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| 1. ☐ 2. ☑ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. ☐ | 6600 Topanga Canyon Blvd |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Canoga Park | CA | 91303 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: August 30, 2021

_C. Manukyan_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint: a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**